UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GRAHAM SCHIFF,

      *Plaintiff*,

  v.

DONALD TRUMP, *et al.*,

      *Defendants*.

Civil Action No. 25 - 4571 (UNA)

## MEMORANDUM OPINION

This matter is before the court on Plaintiff Graham Schiff's application to proceed *in forma pauperis*, ECF No. 2, and pro se complaint, ECF No. 1. For the reasons explained below, the court will grant Mr. Schiff's application and dismiss the complaint without prejudice.

"Federal courts are courts of limited jurisdiction," and it is generally presumed that "a cause lies outside [of] this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, "a district court may dismiss a complaint sua sponte prior to service on the defendants pursuant to Fed. R. Civ. P. 12(h)(3) when, as here, it is evident that the court lacks subject-matter jurisdiction." *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010) (per curiam); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "A dispute does not fall within the subject-matter jurisdiction of federal courts unless it qualifies as a 'case' or 'controversy' within the meaning of article III, and it cannot so qualify unless the plaintiff has suffered 'injury in fact.'" *Ananiev v. Freitas*, 37 F. Supp. 3d 297, 305 (D.D.C. 2014) (quoting *Nat'l Ass'n of Recycling Indus., Inc. v. Sec'y of Com.*, 494 F. Supp. 158, 160 (D.D.C. 1980)).

Article III standing is comprised of three elements: "(1) the plaintiff must have suffered an 'injury in fact' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical'; (2) there must exist 'a causal connection between the injury and the conduct complained of'; and (3) it must be 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Friends of Animals v. Jewell*, 828 F.3d 989, 991-92 (D.C. Cir. 2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Mr. Schiff, a United States citizen, objects to the President's "assertion of unilateral executive power" with respect to Greenland. ECF No. 1, at 9.[1] He alleges that "Defendants have publicly suggested or supported the creation or use of a role styled as 'Greenland Special Envoy'" without a "statutory basis, congressional authorization, [or] grounding in any treaty or international agreement." *Id*. (emphases omitted). In Mr. Schiff's view, such a Special Envoy would "advance unilateral executive aims—by inducement, pressure, or implication—outside constitutional channels, with effects on Greenland's sovereignty and Denmark's territorial integrity." *Id.* (emphasis omitted). Among other relief, he seeks a declaration that any future executive action "purporting to annex, coerce, induce, imply, or otherwise affect Greenland's sovereignty is void ab initio." *Id.* at 12 (emphasis omitted).

Mr. Schiff fails to sufficiently allege that he has sustained, or is likely to sustain, injury resulting from Defendants' actions. Mr. Schiff may not pursue the interests of the citizens of Greenland, and he may not bring this action in a representative capacity "because Greenlanders cannot themselves ask this Court" for relief. ECF No. 1, at 10; *see Doe v. United States*, No. 25-CV-1229, 2025 WL 1895607, at *1 (D.D.C. July 7, 2025) (stating that, "[a]s a general rule

---

[1] When citing ECF No. 1, the court refers to the CM/ECF-generated numbers at the top of each page rather than any internal pagination.

applicable here, a *pro se* litigant can represent only himself in federal court" (quoting *Cannady v. Missouri*, No. 15-CV-73, 2015 WL 358236, at *1 (D.D.C. Jan. 13, 2015))); *see also* 28 U.S.C. § 1654 (providing that "parties may plead and conduct their own cases personally or by counsel"). Mr. Schiff's demand that Defendants act within the scope of their constitutional authority is also not unique to him.  A plaintiff "must demonstrate 'a personal stake in the outcome of the controversy'" to have Article III standing.  *Hall v. D.C. Bd. of Elections*, 141 F.4th 200, 205 (D.C. Cir. 2025) (quoting *Gill v. Whitford*, 585 U.S. 48, 65 (2018)).  A plaintiff like Mr. Schiff who raises "a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74.  Because Mr. Schiff fails to allege facts sufficient to establish standing, this court lacks subject-matter jurisdiction to hear his claims.

      Accordingly, the court will grant Mr. Schiff's application to proceed *in forma pauperis*, ECF No. 2, and dismiss the complaint without prejudice for lack of subject-matter jurisdiction, ECF No. 1.  A contemporaneous order will issue.

_____
LOREN L. ALIKHAN
United States District Judge

Date:  February 17, 2026